IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIBC BANK USA, an Illinois state banking corporation, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL SORGHUM SOLUTIONS, LLC, a Delaware limited liability company, <br><br> CHROMATIN, INC., a Delaware corporation, <br><br> CHROMATIN GERMPLASM, LLC, a Delaware limited liability company, <br><br> CHROMATIN HOLDING, LLC, a Delaware limited liability company, <br><br> MARATHON AG SERVICES, LLC, a Delaware limited liability company, <br><br> CHROMATIN FARMS, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 18 CV 3417 |

## COMPLAINT

Plaintiff, CIBC Bank USA ("Plaintiff" or "Lender"), by its undersigned attorneys, and for its Complaint against Defendants states as follows:

### NATURE OF ACTION

1. This is an action for breach of the various loan documents described herein between the Plaintiff and the various Defendants (collectively, the "Loan Documents").

2. In addition to damages, the Plaintiff seeks the appointment of Novo Turnaround Advisory Group ("Novo") as receiver to protect Defendants' assets and prevent irreparable harm to Defendants' businesses and property, and to the Plaintiff's security interests and liens on the Defendants' assets.

**PARTIES**

3. Plaintiff CIBC Bank USA is an Illinois banking corporation which was formerly known as The PrivateBank and Trust Company ("PrivateBank"). PrivateBank's corporate name was changed to CIBC Bank USA on September 18, 2017, but without any change in the Illinois banking corporation that is now known as CIBC Bank USA. CIBC's principal place of business is at 120 S. LaSalle Street, Chicago, Illinois.

4. Defendant Global Sorghum Solutions, LLC ("Sorghum") is a Delaware limited liability company. The sole member of Sorghum is Defendant Chromatin, Inc., a Delaware corporation.

5. Defendant Chromatin, Inc. ("Chromatin, Inc.") is a Delaware corporation with its principal place of business at 1301 East 50th Street, Lubbock, TX 79404.

6. Defendant Chromatin Germplasm, LLC ("Germplasm") is a Delaware limited liability company. The sole member of Germplasm is Chromatin, Inc., a Delaware corporation.

7. Defendant Chromatin Holding, LLC ("Holding") is a Delaware limited liability company. The sole member of Holding is Chromatin, Inc., a Delaware corporation.

8. Defendant Marathon Ag Services, LLC ("Marathon") is a Delaware limited liability company. The sole member of Marathon is Chromatin, Inc., a Delaware corporation.

9. Defendant Chromatin Farms, LLC ("Farms") is a Delaware limited liability company. The sole member of Farms is Chromatin, Inc., a Delaware corporation.

10. The Defendants develop and sell hybrid sorghum planting seed for both traditional agriculture markets and for uses in other applications such as sustainable fuels. Chromatin, Inc. is the parent corporation and it owns all of the member interests of Sorghum, which is the principal operating entity. Chromatin, Inc. itself is owned by approximately 114 shareholders and has at least ten different classes or subclasses of stock with different voting and management rights. Chromatin, Inc.'s Board of Directors consists of six individuals.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) since the amount in controversy, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and all Defendants since Plaintiff, an Illinois corporation which maintains its principal place of business in Chicago, Illinois, is a citizen of the State of Illinois while each Defendant is a citizen of the States of Delaware and Texas since Defendant Chromatin, Inc., as a Delaware corporation whose principal place of business is Lubbock, Texas, is a citizen of the States of Delaware and Texas, while Defendants Sorghum, Germplasm, Holding, Marathon and Farms, as Delaware limited liability companies whose sole member is Chromatin, Inc., are also citizens of the States of Delaware and Texas under binding Seventh Circuit precedent. *Muscarello v. Ogle City Board of Commissioners*, 610 F.3d 416, 424 (7th Cir. 2010)

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the State of Illinois. Furthermore, all parties consented and agreed that any litigation arising in connection with the Loan Documents would be brought and maintained in the United States District Court for the Northern District of Illinois. (Loan Agreement § 14.18).

## FACTUAL ALLEGATIONS

13. On May 28, 2014, The PrivateBank and Trust Company, n/k/a CIBC Bank USA, the Plaintiff herein, and Sorghum Partners, LLC, n/k/a Global Sorghum Partners, LLC, executed a Loan and Security Agreement (as thereafter amended, the "Loan Agreement"). A copy of the Loan Agreement (with five amendments) is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

14. Defendants Chromatin, Inc., Germplasm, Holding, Marathon, and Farms (collectively, the "Guarantors") each executed a Guaranty wherein they each unconditionally

guaranteed the full and timely payment and performance of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. Copies of these guarantees are attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

15. From time to time, Sorghum and the Guarantors (collectively, the "Loan Parties") executed a number of other agreements, including promissory notes, security agreements, and deeds of trust on real estate in Texas. True and correct copies of these other documents are attached hereto as group <u>Exhibit C</u> and incorporated herein by this reference (such documents, together with the Loan Agreement are collectively referred to as the "Loan Documents").

16. As a result of the foregoing, to secure repayment of the Loan and performance of the other obligations spelled out in the Loan Documents, the Loan Parties granted to Plaintiff (a) a security interest and lien on substantially all of their personal property (other than certain equipment) (the "Personal Property Collateral") and (b) a lien on the Defendants' interests in certain real estate located in Texas (the "Real Estate Collateral") (the Personal Property Collateral and the Real Estate Collateral shall collectively be referred to as the "Collateral").

17. In recent months, the six-person Board of Directors of Chromatin, Inc. has disagreed about the future course of the Defendants and their businesses, and is therefore deadlocked. In the meantime, however, the Defendants face an imminent threat that jeopardizes their continued existence, which, if not if not immediately addressed, will result in the loss of employment for employees of the Defendants and the diminution of the value of the Plaintiff's Collateral. In particular, Sorghum is obligated to pay approximately forty (40) contract growers (collectively, "Growers") by no later than May 16, 2018. The Growers produce the seeds that are sold by the Defendants to their customers. If the Growers are not paid by May 16 ,2018 most of them will plant other crops in their fields, which will decimate the Defendants' future business prospects. The Defendants cannot survive as going concerns if the Growers are not paid by May 16, 2018.

18. As described in Count VII hereof, the Plaintiff seeks appointment of Novo Turnaround Advisory Group ("Novo") to act as the receiver for the Defendants' assets and businesses so that the Growers can be paid and the going concern value of the Defendants preserved.

19. The Loans matured on April 30, 2018, so the Loans are currently due and immediately payable. As of May 11, 2018, the amounts due under the Loans total $19,169,377.57 (the "Indebtedness") as follows:

| | |
|---|---|
| Principal | $19,032,175.67 |
| Interest | $132,465.94 |
| Other Fees and Costs of Collection | $4,735.96 |
| Total | $19,169,377.57 |

Interest continues to accrue after May 11, 2018, along with other fees and costs as set forth in the Loan Documents, and such amounts will be added to the Indebtedness.

## COUNT I
### (MONEY JUDGMENT AGAINST SORGHUM FOR BREACH OF THE LOAN AGREEMENT)

20. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 19 as though fully set forth herein.

21. The Loans have matured, and Sorghum is obligated to pay the Indebtedness due thereunder. Plaintiff is entitled to a money judgment of at least $19,169,377.57, plus other amounts accruing after such date, including without limitation for Plaintiff's attorneys' fees and other costs of collection.

## COUNT II
### (MONEY JUDGMENT AGAINST CHROMATIN, INC. ON GUARANTY)

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

23. On May 28, 2014, Chromatin, Inc. executed and delivered to Plaintiff a Guaranty where Chromatin, Inc. unconditionally guaranteed the full and timely payment and performance

of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. (See Group Exhibit B hereto)

24. Since the Loans have now matured and are currently due and payable, Chromatin, Inc. is obligated to pay the Plaintiff the entire amount of the Indebtedness.

## COUNT III
## (MONEY JUDGMENT AGAINST CHROMATIN GERMPLASM, LLC ON GUARANTY)

25. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

26. On May 28, 2014, Germplasm executed and delivered to Plaintiff a Guaranty where Germplasm unconditionally guaranteed the full and timely payment and performance of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. (See Group Exhibit B hereto)

27. Since the Loans have now matured and are currently due and payable, Germplasm is obligated to pay the Plaintiff the entire amount of the Indebtedness.

## COUNT IV
## (MONEY JUDGMENT AGAINST CHROMATIN HOLDING ON GUARANTY)

28. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

29. On May 19, 2016, Holding executed and delivered to Plaintiff a Guaranty where Holding unconditionally guaranteed the full and timely payment and performance of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. (See Group Exhibit B hereto)

30. Since the Loans have now matured and are currently due and payable, Holding is obligated to pay the Plaintiff the entire amount of the Indebtedness.

## COUNT V
**(MONEY JUDGMENT AGAINST MARATHON AG SERVICES, LLC ON GUARANTY)**

31. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

32. On May 19, 2016, Marathon executed and delivered to Plaintiff a Guaranty where Marathon unconditionally guaranteed the full and timely payment and performance of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. (See Group Exhibit B hereto)

33. Since the Loans have now matured and are currently due and payable, Marathon is obligated to pay the Plaintiff the entire amount of the Indebtedness.

## COUNT VI
**(MONEY JUDGMENT AGAINST CHROMATIN FARMS LLC ON GUARANTY)**

34. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

35. On August 26, 2017, Farms executed and delivered to Plaintiff a Guaranty where Farms unconditionally guaranteed the full and timely payment and performance of Sorghum's liabilities under the Loan Agreement and Loan Documents, including repayment of the Loans. (See Group Exhibit B hereto)

36. Since the Loans have now matured and are currently due and payable, Farms is obligated to pay the Plaintiff the entire amount of the Indebtedness.

## COUNT VII
**(APPOINTMENT OF RECEIVER FOR DEFENDANTS' ASSETS)**

37. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 as though fully set forth herein.

38. The appointment of a receiver to operate the Defendants' businesses is necessary in this case because (a) the Board of Directors for the parent corporation of the Defendants is deadlocked and the capital structure of the Defendants is so complex that it is

impossible to muster the necessary shareholder votes in time to avoid immediate harm to the Defendants' businesses, and (b) the Growers must be paid as soon as possible to preserve the Defendants' going concern value.

39. Novo should be appointed as receiver in this matter. As is more particularly set forth in the Emergency Motion to Appoint Receiver and Memorandum in Support of the Motion to Appoint Receiver filed contemporaneously herewith, the Plaintiffs are willing to loan funds to the receiver estate to enable the receiver to make the required payments to the Growers upon court approval.

40. Novo is already familiar with Defendants' businesses and properties Novo had been retained by Defendants before the filing of this case as a financial consultant. Novo's personnel is knowledgeable and experienced in asset sales, mergers and acquisitions for distressed middle-market companies, including liquidating assets and selling a company quickly and under extremely troubled circumstances. Documentation further supporting Novo's appointment as receiver is in the concurrently filed Emergency Motion to Appoint Receiver and Memorandum in Support of the Motion to Appoint Receiver.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) enter judgment in its favor on Count I against Sorghum in an amount in excess of $19,169,377.57, plus additional sums as they accrue;

(b) enter judgment in its favor on Count II against Chromatin, Inc. in an amount in excess of $19,169,377.57, plus additional sums as they accrue:

(c) enter judgment in its favor on Count III against Germplasm in an amount in excess of $19,169,377.57, plus additional sums as they accrue:

(d) enter judgment in its favor on Count IV against Holding in an amount in excess of $19,169,377.57, plus additional sums as they accrue:

(e) enter judgment in its favor on Count V against Marathon in an amount in excess of $19,169,377.57, plus additional sums as they accrue:

(f) enter judgment in its favor on Count VI against Farms in an amount in excess of $19,169,377.57, plus additional sums as they accrue:

(g) award Plaintiff pre- and post-judgment interest, costs, and attorneys' fees as permitted by applicable law on Counts I through VI;

(h) on Count VII appoint Novo as receiver to manage the operations and assets of Defendant pending a trial on the merits as requested in Plaintiff's concurrently filed Emergency Motion for Appointment of a Receiver; and

(i) award any other relief this Court deems just and appropriate.

Dated: May 14, 2018

                CIBC BANK USA

By:   /s/ Robert F. Rabin
      Robert F. Rabin (ARDC# IL6203742)
      55 East Monroe Street, 37th Floor
      Chicago, Illinois 60603
      Phone: 312-346-7500
      Facsimile: 312-580-2201
      *rrabin@thompsoncoburn.com*

and

By:   /s/ David A. Warfield
      David A. Warfield (pro hac vice to be filed)
      One US Bank Plaza, Suite 3200
      St. Louis, Missouri 63101
      Phone: 314-552-6000
      Facsimile: 314-552-7000
      *dwarfield@thompsoncoburn.com*